
ATTORNEYS AT LAW

**NORMAN L. TOLLE**
PARTNER
(516) 357-3242
norman.tolle@rivkin.com

August 7, 2007

Judge Joseph F. Bianco
United States District Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, New York 11722

>  Re:  *Carol Romano v. Banc of America Insurance Services, Inc.*
>  *and Monumental Life Insurance Company*
>  Civil Action No.: 07-2543
>  RR File No.: 000295-00005

Dear Judge Bianco:

This firm represents defendant Monumental Life Insurance Company ("Monumental Life") in the above matter. We write to you today in accordance with your Individual Rule III.A. to request a pre-motion conference in order to move for a change of venue.

On or about June 1, 2003, Monumental Life, a Maryland corporation with its principal place of business in Maryland, issued Accidental Death Certificate of Insurance No. G58-3939742 (the "Certificate") to Michael A. Romano (the "Decedent"), a Maryland resident. On January 19, 2006, the Decedent died at the Johns Hopkins Hospital in Maryland following a fall at his residence. Carol A. Romano, a resident of New York and the beneficiary of the death benefit under the Certificate, filed a claim with Monumental Life on or about April 6, 2006. After reviewing the Plaintiff's claim, Monumental Life denied her claim on the ground that the Decedent's death did not result from an accidental bodily injury independently of all other causes as required for coverage and was specifically excluded under the Certificate.

On May 17, 2007, Plaintiff commenced this action against Monumental Life and Banc of America Insurance Services, Inc. (collectively, the "Defendants") with the filing of a Summons and Complaint in the Supreme Court of New York, County of Suffolk seeking payment of death benefits under the Certificate. A copy of the Summons and Complaint is annexed hereto as Exhibit "A". On June 25, 2007, Monumental Life, with the consent of Banc of America Insurance Services, Inc ("Banc of America"), properly removed this action.

Based upon the facts and well-established law, this action should be transferred to the United States District Court for the District of Maryland. There is no connection to this venue that merits litigating this case in the Eastern District of New York, other than the Plaintiff resides in New York. The Defendants are incorporated in the State of Maryland and their principal places of business are in Baltimore, Maryland. The numerous physicians who treated the Decedent are located in Maryland. Finally, all the transactions and events giving rise to the Plaintiff's claim occurred in Maryland. Accordingly, for the convenience of witnesses, and in the interests of justice, this action should be transferred to the District of Maryland.

926 Reckson Plaza
Uniondale, NY
11556-0926
Tel: 516.357.3000
Fax: 516.357.3333

555 Madison Avenue
New York, NY
10022-3338
Tel: 212.455.9555
Fax: 212.687.9044

21 Main Street
Court Plaza South • West Wing
Hackensack, NJ 07601-7021
Tel: 201.287.2460
Fax: 201.489.0495

www.rivkinradler.com



Judge Joseph F. Bianco
August 7, 2007
Page 2

Title 28 U.S.C. §1404(a) allows for the "easy change of venue within a unified federal system." Piper Aircraft Co. v. Reno, 454 U.S. 235, 254 (1981). Under Title 28 U.S.C. §1404(a), a district court may transfer a civil action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404 (a). The purpose of such a transfer is "to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Piper Aircraft Co., 454 U.S. at 254 (1981) (quoting Van Dusen v. Barrack, 376 U.S. 612, 614 (1964)); U.S. Fid. and Guar. Co. v. Republic Drug Co., 800 F. Supp. 1076, 1079 (E.D.N.Y. 1992) (citations omitted).

The decision to transfer venue pursuant to §1404(a) is committed to the district court's broad discretion, exercised in light of the particular circumstances of the case. U.S. Fid. and Guar. Co., 800 F. Supp. at 1080 (citing Filmline (Cross-County) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989)). In deciding whether to allow a transfer, courts engage in a two step inquiry. Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 327 (E.D.N.Y. 2006). First, the Court must determine "whether the action 'might have been brought' in the proposed transferee forum." Id.; Coultman, 857 F. Supp. at 233. Second, the Court must consider "whether the transfer promotes convenience and justice." Neil Bros. Ltd., 425 F. Supp. at 327; U.S. Fid. and Guar. Co., 800 F. Supp. at 1079. This action could have been brought in the District of Maryland and balancing the convenience of the witnesses and the interest of justice tips decidedly in favor of transferring this action from the Eastern District of New York to the District of Maryland.

Since this action is one that "might have been brought" in the District of Maryland, the Court must then determine whether "the convenience of party and non-party witnesses and the interests of justice warrant transfer of the action." Coultman, 857 F. Supp. at 233. In reaching this determination, courts balance a variety of factors including:

> (1) convenience of the parties; (2) convenience of the witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease and access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally (10) the Court should also consider how best to serve the interest of justice, based on an assessment of the totality of material circumstances.

Neil Bros., Ltd., 425 F. Supp. 2d at 327-28; Coultman, 857 F. Supp. at 233; U.S. Fid. and Guar. Co., 800 F. Supp. at 1080; Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 987 (E.D.N.Y. 1991).

These factors, specifically the convenience of witnesses, the locus of operative facts, and the location of documents and other evidence, weigh heavily in favor of transferring this action to the District of Maryland.

The convenience of both the party and non-party witnesses is "probably the single most important factor in the transfer analysis." Neil Bros., Ltd., 425 F. Supp. 2d at 329; Zaitsev v. State Farm Fire & Cas. Co., 05-CV-2098 (ILG), 2005 U.S. Dist. LEXIS 30325, at 10-11 (E.D.N.Y. Nov. 17, 2005) (convenience of



Judge Joseph F. Bianco
August 7, 2007
Page 3

the witness is "generally considered the most important justification for granting a § 1404(a) motion"). Here, all of the non-party witnesses and documentary evidence related to this action are located in Maryland. Specifically, the Decedent's numerous treating physicians, emergency room physicians, and the medical examiner are located in Maryland. Further the Decedent was treated at the Johns Hopkins Hospital and the Johns Hopkins Oncology Center, both of which are located in Maryland.

It is well-settled that the locus of operative facts is "traditionally an important factor to be considered" in deciding whether a case should be transferred. Advance Relocation & Storage, Inc., 2000 U.S. Dist. LEXIS 19571, at 27-28; Royal Ins. Co. of Amer. v. Tower Records, Inc., 02 Civ. 2612 (PKL), 2002 U.S. Dist. LEXIS 20109, at 8 (S.D.N.Y. Oct. 21, 2002). To determine the locus of operative facts, the court must look "to the site of the events from which the claim arises."

Here, the locus of operative facts clearly lies within the District of Maryland. All of the events relating to this action occurred in Maryland. New York has absolutely no connection to this action other than the Plaintiff resides in New York. Monumental Life issued and delivered the Certificate to the Decedent in Maryland. The Decedent was a Maryland resident who received medical treatment in Maryland and passed away at the Johns Hopkins Hospital in Maryland following a fall at his Maryland residence. Further, the Plaintiff's claim for death benefits under the Certificate was reviewed by Monumental Life in Maryland.

While a plaintiff's choice of forum is a factor to consider, the plaintiff's choice is given a "reduced significance" where "the transactions or facts giving rise to the action have no material relation or significant connection" to the chosen district. Advance Relocation & Storage, Inc., 2000 U.S. Dist. LEXIS 19571, at 32-33. Here, this action has no connection to the Eastern District of New York, or the State of New York. Further, the Eastern District of New York was not the Plaintiff's chosen forum. The Plaintiff did not file this action in federal court, but instead, pursued her claim in the Supreme Court of the State of New York. Thus, the Plaintiff's choice of forum, albeit a New York State Supreme Court, must be given "minimal weight." See, e.g., Zaitsev, 2005 U.S. Dist. LEXIS 30325, at 9 (giving minimal weight to plaintiff's choice of forum when defendants removed case from state to federal court).

For all the reasons set forth above, Defendant Monumental Life respectfully requests that it be permitted, pursuant to 28 U.S.C. § 1441(a), to move to transfer venue of this action from the United States District Court for the Eastern District of New York to the United States District Court for the District of Maryland.

Respectfully submitted,

RIVKIN RADLER LLP

Norman L. Tolle

NLT/ls
Encl.
cc:    Anthony J. Gallo, Esq. (w/encl.)
       Paula J. Warmuth, Esq. (w/encl.)
2063597 v1

NT 5081

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------x
CAROL ROMANO,

                          Plaintiff(s),

-against-

BANC OF AMERICA INSURANCE
SERVICES, INC. and MONUMENTAL LIFE
INSURANCE COMPANY,

5-24-2007
DL

                          Defendant(s).
-----------------------------------------------------------------x

Index No. 07-15226
5-17-07

SUMMONS

Plaintiff Designates
Suffolk County as
Place of Trial

Plaintiff's Residence:
60 Gildare Drive
East Northport, NY 11731

Basis of Venue:
Plaintiff's Residence

TO THE ABOVE-NAMED DEFENDANT(S)

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Third-Party Plaintiffs' Attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: May 15, 2007
       Commack, NY

ANTHONY P. GALLO, P.C.

By: ANTHONY J. GALLO
Attorneys for Plaintiff(s)
6080 Jericho Turnpike
Commack, New York 11725
(631) 499-2555



Defendant's Address:
Monumental Life Insurance Company
520 Park Avenue
Baltimore, Maryland 21201

Banc of America Insurance Services, Inc.
800 Avenue of the Americas
New York, NY 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
CAROL ROMANO,

                        Plaintiff,                   Index No.

  - against -

                                                                Verified Complaint

BANC OF AMERICA INSURANCE
SERVICES, INC. and MONUMENTAL LIFE
INSURANCE COMPANY,

                        Defendants.
----------------------------------------------------------------X

      Plaintiff, **CAROL ROMANO** (hereinafter referred to as "**ROMANO**") by her attorneys, **ANTHONY P. GALLO, P.C.**, alleges upon information and belief as and for her Complaint against the defendants herein as follows:

      1.      Plaintiff is a resident of Suffolk County, New York residing at 60 Gildare Drive, East Northport, New York.

      2.      Plaintiff is the wife of Michael A. Romano, deceased.

      3.      Plaintiff was and is the owner of a policy and certificate of insurance issued by defendant covering the life of Michael A. Romano.

      4.      Plaintiff was and is a beneficiary under a policy and certificate of insurance issued by defendant covering the life of Michael A. Romano.

      5.      Upon information and belief, Defendant **MONUMENTAL LIFE INSURANCE COMPANY** (hereinafter referred to as "**MONUMENTAL**"), at all times hereinafter mentioned, was and is a foreign corporation licensed to do and doing business in the State of New York.

6.  Upon information and belief, Defendant **BANC OF AMERICA INSURANCES SERVICES, INC.** (hereinafter referred to as "**BANC OF AMERICA**"), at all times hereinafter mentioned, was and is a foreign corporation licensed to do and doing business in the State of New York.

7.  On or about, June 1, 2003, defendant pursuant to a policy of Life Insurance written by defendant **MONUMENTAL**, issued an Accidental Death Certificate of Insurance (the "Certificate") bearing number G58-3939742 under Policy Number 92-CV-9289-4) insuring the life of Plaintiff's late husband, Michael A. Romano (the "Insured"), against accidental death and binding defendants to pay to plaintiff the sum of $100,000.00 upon the "accidental" death of the insured.

8.  On January 19, 2006, the Insured was pronounced dead at John Hopkins Hospital after he suffered serve injuries as a direct result of an accidental fall in his home. The insured's death was ruled as "accidental" on the relevant Death Certificate.

9.  On or about April 06, 2006, Plaintiff put in a claim with defendant **MONUMENTAL** seeking payment pursuant to the terms of the above mentioned Accidental Death Certificate of Insurance.

10. On or about December 06, 2006, defendant **MONUMENTAL** issued a letter denying plaintiff's claim under the Accidental Death Certificate of Insurance based upon the alleged fact that the insured's death was not the direct and sole result of an accidental fall.

11. Both the Accidental Death Insurance Certificate and the policy under which it was issued were valid and in effect at the time of the insured's accidental death.

12. To date, Defendant continues to wrongfully refuse to make payment to Plaintiff pursuant to the terms of the Accidental Death Insurance Certificate.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats and re-alleges each and every allegation previously set forth in Paragraphs "1" through "12" inclusive.

14. On account of defendant's wrongful refusal to honor its obligations of payment to plaintiff pursuant to the relevant certificate of insurance mentioned above, Plaintiff seeks a declaration that defendant **MONUMENTAL** is obligated to pay to plaintiff the benefits set forth in the Accidental Death Certificate of Insurance due to the accidental death of the insured and that said payment be made to plaintiff pursuant to the terms of said certificate of insurance.

15. There exists a real, actual and justiciable controversy between Plaintiff and Defendant herein.

16. Plaintiff has no adequate remedy at law to have her rights determined as to the merits herein set forth.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief:

a) A declaration that defendants **MONUMENTAL** and **BANC OF AMERICA** are obligated to pay to Plaintiff the sum of $100,000.00 pursuant to the terms of the applicable Accidental Death Insurance Certificate issued to plaintiff;

b) And for such other and further relief as the Court may deem just and proper, including the costs of this action.

3

Dated:   Commack, New York
         May 11, 2007

                              Yours,

                              **ANTHONY P. GALLO, P.C.**

                              By: ANTHONY J. GALLO
                              Attorneys for Plaintiff
                              6080 Jericho Turnpike
                              Commack, New York 11725
                              (631) 499-2555

STATE OF NEW YORK )
COUNTY OF SUFFOLK ) Ss.:

I, CAROL ROMANO, being duly sworn, depose and say:

I am the individual Plaintiff herein; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

         */s/ Carol Romano*
--------------------------------
Carol Romano

Sworn to before me this

11th day of May 2007.

_____
NOTARY PUBLIC

ANTHONY J. GALLO
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
REG. NO.: 02GA5073464
COMMISSION EXPIRES 4/24/11

